# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2021

Lyle W. Cayce
Clerk

No. 20-10325
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Allen Vestal,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-107-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Robert Allen Vestal appeals his 48-month sentence following his guilty plea conviction for distribution and possession with intent to distribute methamphetamine. He contends that the district court's upward variance from the guidelines imprisonment range of 30 to 37 months was substantively

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10325

unreasonable because it failed to fully account for the fact that he possessed only a small quantity of drugs. And he argues that the district court compounded its error by unreasonably ordering the sentence to run consecutively to his six-year state sentence for a separate drug offense. However, the district court considered the factors listed in 18 U.S.C. § 3553 and relied on aggravating circumstances—including Vestal's recidivism, that prior more lenient sentences failed to deter his conduct, and that he committed the instant offense while on bail for a state drug offense—in arriving at its selected sentence. Vestal does not show that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013). Accordingly, he fails to demonstrate that his sentence was substantively unreasonable.

AFFIRMED. The case is REMANDED for the limited purpose of correcting the clerical errors in the written statement of reasons, which does not reflect the total offense level or guidelines range calculated by the district court. *See* Fed. R. Crim. P. 36.